Filed 8/1/22 P. v. Gonzalez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE FIGUEROA GONZALEZ,<br><br>    Defendant and Appellant. | H049701<br>(Santa Cruz County<br>Super. Ct. No. 20CR05253) |

Defendant Jose Figueroa Gonzalez appeals from a judgment entered after he pleaded no contest to one count of involuntary manslaughter by an unlawful act (Pen. Code, § 192, subd. (b)).[1]  Appointed counsel for Gonzalez has filed an opening brief that states the case and the facts but raises no issues.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.)  Gonzalez was advised of the right to file written arguments on his own behalf but has not responded.  Finding no arguable error that would result in a disposition more favorable to Gonzalez, we affirm the judgment.

## I.  Factual and Procedural Background[2]

On December 2, 2020, Watsonville police officers responded to a report of a battery at a Burger King restaurant.  They found the victim, Fernando Higareda Cazares, lying unconscious near the drive-thru.  Officers reviewed security footage and saw

---

[1] Unspecified statutory references are to the Penal Code.

[2] The factual background is taken from the probation report.

Cazares walk up to a "Chevy Tahoe" in the drive-thru line, where he apparently spoke with the occupants of the Tahoe. The passenger in the Tahoe got out of the vehicle, walked to the rear of the vehicle, and punched Cazares once with his right hand. Cazares fell down, landing on his back. The passenger returned to the Tahoe and the driver proceeded forward in the drive-thru. Cazares sustained subdural hematomas and a skull fracture, and he was declared dead a week later.

Officers retrieved a beer bottle from the scene, and after collecting DNA from the bottle, were able to identify the passenger as Gonzalez. Before Cazares's death, officers contacted Gonzalez, who admitted to striking Cazares. Gonzalez "said that the two exchanged words and he asked [Cazares] if he wanted to fight and [Cazares] said, 'whatever you want.' " He stated he was "drunk" and that it was " 'an act of stupidity.' " Gonzalez stated that since the incident, he had stopped drinking and that he wanted to write Cazares a letter of apology.

On December 11, 2020, the Santa Cruz County District Attorney charged Gonzalez by felony complaint with assault by means or force likely to produce great bodily injury (§ 245, subd. (a)(4)), and with battery resulting in serious bodily injury (§ 243, subd. (d)). The assault offense included an allegation that the injury caused Cazares to become comatose due to a brain injury or to suffer paralysis (§ 12022.7, subd. (b)).

On December 14, 2020, the district attorney filed an amended complaint, adding a charge of voluntary manslaughter (§ 192, subd. (a)) and removing the battery offense.

On November 17, 2021, the district attorney filed a second amended complaint, which removed all previous offenses and instead charged Gonzalez with a single count of involuntary manslaughter by an unlawful act (§ 192, subd. (b)).

On November 18, 2021, Gonzalez pleaded no contest to the single involuntary manslaughter charge.

On January 13, 2022, the parties appeared before the trial court for the sentencing hearing. The trial court imposed a split sentence pursuant to section 1170, subdivision (h)(5), consisting of 18 months in county jail and 18 months of mandatory supervision. The court credited Gonzalez for one day of custody. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b); § 2085.5), a $40 court operations assessment (§ 1465.8), a $30 facility fee (Gov. Code, § 70373), and imposed but stayed a $300 mandatory supervision restitution fine (§ 1202.45). The court ordered general restitution to Cazares's family.

On January 14, 2022, Gonzalez filed a notice of appeal but did not seek a certificate of probable cause.

## II. Discussion

Pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record. We find no arguable error that would result in a disposition more favorable to Gonzalez.

## III. Disposition

The judgment is affirmed.

_____
Wilson, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Danner, J.



People v. Gonzalez
H049701